# WHEELING.

STEWART, ADMR. *v.* JACKSON.

| 8 | 29 |
| 38 | 200 |

July 17, 1874.

1. In a bill, by an administrator, to enjoin a sale of real estate, by a trustee, on the ground that the debt has been paid by the debtor, in his lifetime, the heirs of the grantor are necessary parties.

1874.
June Term.

2. It is sufficient that the record recites that the defendants appeared and demurred to the plaintiff's bill, the language being equivalent to its being said, that "the bill is not sufficient in law."

3. It is, generally, error to dismiss a bill merely for want of proper parties, if it otherwise appears that the plaintiff is entitled to relief.

Appeal, by complainant below, from a decree of the circuit court of Ritchie county, made and entered on the 4th day of August, 1871, in a suit in chancery therein pending, wherein an injunction had been theretofore awarded, in which Robert W. Stewart, administrator of John W. Westfall, was complainant, and George Jackson, William L. Jackson, Joseph B. Frederick and Samuel B. Frederick, trustee in a deed of trust, executed by said John W. Westfall to said Samuel B. Frederick, to secure said Joseph B. Frederick in a certain sum therein mentioned, were respondents. The other facts appear in the opinion of the Court.

The Hon. Chapman J. Stuart, judge of said circuit court, presided at the hearing below.

*Walter S. Sands*, for the appellant.

*Gideon D. Camden* and *Robert S. Blair*, for the appellees.

PAULL, JUDGE:

John W. Westfall executed his deed of trust in 1854, conveying all his interest in a certain tract of land therein described to Samuel B. Frederick to secure a certain promissory note made by the said grantor to Joseph B. Frederick. This note was subsequently assigned to other parties; and some time after the maturity of the note, the trustee in the deed named advertised the property for sale; and thereupon Robert W. Stewart, the plaintiff and administrator of said Westfall, filed his bill in the circuit court of Ritchie county, against the said trustee, and the payee and assignees of said note, alleging that the same had been paid by the said Westfall, the maker of said note, in his lifetime, and praying an injunction to restrain or enjoin the proposed sale, which injunction was awarded. To this bill the defendants appeared and demurred; the demurrer was sustained, and the bill dismissed. And from this order sustaining the demurrer and dismissing the bill, an appeal has been taken.

The Court is of opinion that the demurrer was properly sustained for the want of proper parties. The heirs of said John W. Westfall should have been made parties in the case. They are the owners of the property, and directly interested in the result of the controversy. Had the bill been filed by the creditor to enforce an execution of the trust, it is manifest that both the administrator and heirs would have been necessary or proper parties. See the case of *Beall's Admr. v. Taylor's Admr.*, 2 Gratt., 532.

The record recites that the defendants appeared and demurred to the bill. It is objected that in chancery the practice requires that the demurrer should have been spread out in full upon the record. The Court is of opinion that this is unnecessary. When it is said that the party appeared and demurred, it is equivalent to say-

ing in the language of the Code, chapter one hundred and twenty-five, section twenty-eight, that the defendant says that "the bill is not sufficient in law."

The Court is further of opinion, however, that the bill should not have been dismissed, but leave given to the plaintiff to amend his bill and make the said heirs parties defendant—the necessary parties. A bill should not be dismissed merely for the want of proper parties, if it otherwise appears that the plaintiffs may be entitled to relief. *Jameson v. Deshields*, 3 Gratt., 4. If, however, the plaintiff does not desire to amend, an order of dismissal is proper.

Whether such desire was or was not expressed, does not appear from the record, but the counsel for the appellant contends that this course should have been pursued by the court below.

The decree of the circuit court, made on the 4th day of August, 1871, is reversed and set aside, with costs to the appellant, and the cause is hereby remanded to the circuit court of Ritchie county, with leave to the plaintiff to amend his bill and make additional parties, and for further proceedings.

The other Judges concurred.

DECREE REVERSED AND SUIT REMANDED.